UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JOHN JOSEPH BANVILLE, | ) |
| Petitioner, | ) |
| v. | ) Case No. 5:17-cv-02148-RDP-HNJ |
| WALTER MYERS, et al., | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

On December 30, 2020, Magistrate Judge Herman N. Johnson, Jr. entered a Report and Recommendation ("R&R") recommending the petition for habeas corpus (Doc. 1) be dismissed with prejudice. (Doc. 6). On January 12, 2021, Petitioner filed an objection to the R&R. (Doc. 7).

Petitioner faces two significant hurdles here. First, he must show his counsel's performance was ineffective and that he was prejudiced by that. Second, he must show that the Alabama Court of Criminal Appeals unreasonably applied *Strickland* in finding that his counsel was not ineffective. For the reasons explained by Judge Johnson in his R&R, Petitioner has failed to clear either hurdle. Accordingly, the court finds the Report of the Magistrate Judge is due to be adopted and his recommendation accepted and writes separately to address a couple of points raised by the Petitioner in his objections.

Although Petitioner agrees that trial courts have wide discretion with respect to evidentiary matters, including the admissibility of evidence (Doc. 7 at 7), he complains that "[t]he Alabama Court of Appeals deemed all this evidence as proper," which was "credited" in the R&R. (*Id.* at 14). The Alabama Court of Criminal Appeals focused on the deficient performance prong of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The court found that even "if all of Banville's

pleadings regarding counsel's failure to prevent the admission of collateral acts evidence [were] true, he did not establish counsel's deficient performance" under *Strickland*. (Doc. 3-16 at 7). Petitioner disagrees with that analysis. (Doc. 7 at 15).  He questions the R&R's reference to the Federal Rules of Evidence 413 and 414.  (*Id.*). Specifically, he argues that "Alabama has no such provisions in its rules of evidence" and that "[t]rial counsel was operating under Alabama rules of evidence – not federal."  (*Id.*). The court briefly addresses each argument, in turn.

First, Petitioner's objections to the R&R are related to allegations of ineffective assistance of counsel and are of a similar nature – they all involve some aspect of counsel's failures related to evidence of Petitioner's sexual history and interest in minors.[1] The last state court to address these claims was the Court of Criminal Appeals. That court applied the correct federal law – *Strickland* and its progeny.  In doing so, it concluded that the lack of objection by defense counsel to such evidence was not prejudicial. Specifically, the Court of Criminal Appeals determined that all that evidence was relevant to show Petitioner's motive in sexually abusing the victim, an eleven year old girl, and that such evidence was relevant to show what influence or inducement may have had to "sexually abuse the victim."  (Doc. 3-16 at 10). The Court of Criminal Appeals noted:

> it was [Petitioner's] defense that even though he got in the bed with the victim and rubbed her stomach under her shirt and moved his hand toward her private area until the victim pushed his arm away and ran from him, the victim was mistaken as to his intent and had falsely accused him of a sexual offense.

(*Id.* at 10-11). As the Court of Criminal Appeals concluded, "counsel was not ineffective for failing to object to evidence admissible to establish motive. Counsel cannot be ineffective for not making a baseless objection."  (*Id.* at 11). The Court of Criminal Appeals applied the applicable federal

---

[1] In Petitioner's second Rule 32 petition, he also claimed that his trial counsel erred by not objecting to a statement made during the prosecutor's closing argument that presupposed Petitioner's guilt. (Doc. 3-9 at 13-17). Petitioner did not raise this claim in his objection to the R&R. (Doc. 7). Moreover, the claim fails for similar reasons as the rest of his claims – Petitioner has not shown his counsel's failure to object to the prosecutor's closing statement constituted constitutionally deficient performance and caused prejudice under *Strickland*.

law as established by the Supreme Court of the United States. Petitioner has failed to show that decision conflicted with established Supreme Court law. Nor has he shown that the state court decision resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at trial. Thus, he is entitled to no habeas relief, and his petition is due to be dismissed with prejudice.

Second, Petitioner misunderstands the R&R's references to the Federal Rules of Evidence. The R&R did not conclude that Federal Rules 413 and 414 applied in the state court but merely recognized that these Rules provide for the introduction of propensity evidence and allow for exceptions to the general prohibition of propensity evidence in child molestation cases. (Doc. 6 at 18).  As the R&R noted, federal courts have upheld Rules 413 and 414 against constitutional challenges on due process grounds similar to those made in this case. (*Id.* at 19). The Magistrate Judge offered that analysis to show that in a state child molestation case, introduction of such evidence withstands due process scrutiny.

Finally, Petitioner fails to acknowledge that even if he could establish deficient performance (and, to be clear he has not), Petitioner cannot meet the prejudice prong of *Strickland*. As noted in the R&R, the state trial court explicitly found that there was overwhelming evidence of Petitioner's guilt such that exclusion of the disputed evidence would not have resulted in a different outcome.  (Doc. 6 at 18; Doc. 3-13 at 33).  For instance, Petitioner admitted that he got into bed with the victim, pushed her hand towards his stomach, and then attempted to explain his act. There was also testimony about other acts reported by the victim at trial as to Petitioner's conduct. Petitioner fled to Canada after his arrest and release on bond. (Doc. 3-7 at 1-3).

As noted in the R&R, "a court may decline to address the performance prong if convinced that the prejudice prong cannot by satisfied in any event." (Doc. 6 at 10) (citing *Boyd v. Allen*, 592 F.3d 1274, 1293 (11th Cir. 2010).

Accordingly, the court **ADOPTS** the Report of the Magistrate Judge and **ACCEPTS** his recommendation. The court finds that the petition for writ of habeas corpus is due to be dismissed with prejudice.

A Final Judgment will be entered.

**DONE** and **ORDERED** this February 18, 2021.

　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　**R. DAVID PROCTOR**
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE